# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

BRUCE ANTHONY DILLARD,

    Plaintiff,

v.                                        Civil Action No. 3:16cv9
                                             (GROH)

UNITED STATES OF AMERICA,

    Defendant.

## REPORT AND RECOMMENDATION

### I.   Factual and Procedural History

On or about December 18, 2015, the Plaintiff, a federal inmate, filed a complaint in the Magistrate Court of Gilmer County, West Virginia, against Charles E. Samuels, Jr., the former Director of the Federal Bureau of Prisons ("BOP"), alleging wrongdoing on the part of government employees in the disappearance of his property at FCI Gilmer and the failure to utilize the video footage to determine who was responsible for the loss property. ECF No. 1. The Magistrate Court Clerk attempted service by Certified mail upon the Defendant at the address provided by the Plaintiff, which is the BOP's Regional Office in Annapolis Junction, Maryland. On January 19, 2016, a Notice of Removal, a Certification of scope of employment for Mr. Samuels, and a Motion to Dismiss and Substitute the United States were filed contemporaneously with the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Memorandum in Support thereof.

On January 21, 2016, an Order was entered substituting the United States of America as a defendant for the alleged acts or omissions of Defendant Samuels. ECF No. 6. On January 22, 2016, a Roseboro Notice was issued. ECF. No. 7. On February 9, 2016, the Plaintiff filed a

Response in opposition to the Motion to Dismiss. ECF No. 11. This case is now pending before the undersigned for a Report and Recommendation pursuant to LR P.L. P. 2, et seq.

## II. The Pleadings

### A. The Complaint

The plaintiff's Complaint is sparse, at best. He alleges that on August 27, 2015, government employees, under the scope of Charles Samuel, were a factor in the loss of his property and failed in their duty to utilize the institution cameras to ferret-out the disappearance of his property. For relief, he sought reimbursement in the amount of $171.40 pursuant to 31 U.S.C. § 1304. In addition, he requested the inclusion of any court fees required of the action. ECF No. 1-1. Attached to the complaint was an itemized list of 39 items of property, to which he attached a total value of $171.40. The majority of the items were food with the additional items being personal hygiene, cleaning supplies, and eating utensils. ECF No. 1-1 at 7-8.

### B. Motion to Dismiss

In their motion, the Defendant argues that the Plaintiff's complaint must be dismissed in its entirety. In support of its motion, the Defendant contends that the detention of goods exception under the Federal Tort Claims Act ("FTCA") deprives the court of subject matter jurisdiction over this claim.

### C. Plaintiff's Response

The Plaintiff sets forth in detail the circumstances surrounding the loss of the property itemized in his Complaint. In addition, he alleges that he filed an administrative claim for loss of property, which was subsequently denied by the BOP on November 10, 2015. He maintains that on November 23, 2015, he sent a letter requesting reconsideration of his claim. The

reconsideration was denied on December 3, 2015, and he subsequently filed his Complaint seeking compensation for property loss due to government employees negligence under the standards of due care. Accordingly, he requests settlement in the amount of $171.40, pursuant to 31 U.S.C. § 1304.

### III. Standard of Review

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than

labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

## IV. Analysis

There is no dispute that the Plaintiff filed an administrative claim with the BOP, under 31 U.S.C. § 3723, small claims for property damage or loss. ECF No. 4-1. The Plaintiff claimed that on August 27, 2015, at FCI Gilmer, he was directed to move cells and to take his property with him to the new cell. He claims that when he arrived at the new cell, correctional officers told him that he must wait until the cell had been searched and cleared of any contraband. The Plaintiff stated that he left two bags of property next to the door outside the new cell and returned to his old cell to retrieve additional property. When he arrived back at the new cell, a "large net bag of

4

commissary" was missing, and he suspected that it was stolen by another inmate. He further alleges that despite his requests a staff review video footage to determine who took the property, nothing was ever done. Accordingly, the Plaintiff sought $171.40 in damages. ECF No. 4-1 at 1-10.

The BOP considered the Plaintiff's claim for loss of property and following an investigation denied the claim by letter dated November 10, 2015. ECF 4-1 at 11. The BOP informed the Plaintiff in the letter that there is no judicial review for claims under 31 U.S.C. § 3723. Id. On December 1, 2015, the BOP received additional correspondence from the Plaintiff, which it interpreted as a request to reconsider the denial of his tort claim. By letter dated December 3, 2015, the Plaintiff was informed there was no new information to warrant departure from the original decision, and that the claim was therefore denied. The Plaintiff was again informed that there is no judicial review for such claims. ECF No. 4-1 at 13.

Subject matter jurisdiction is a threshold issue that a court must resolve at the outset of a case. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1988). A motion made pursuant to Rule 12(b)(1) challenges the court's jurisdiction over the subject of the dispute between the parties. Federal courts are courts of limited jurisdiction and are empowered to act only in the specific instances authorized by Congress. Bowman v. White, 388 F.2d 756, 760 (4th Cir. 1968).

When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceedings to one for summary judgment. Porter v. U.S., 919 F.Supp. 927, 929 (E.D. Va. 1996) (citing Adams v. Bain, 697 F.2d 1213, 1216 (4h Cir.

1982)). No presumptive truthfulness attaches to the Plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. See Materson v. Stokes, 166 F.R.D. 368, 371 (E.D. Va. 1996). The district court should grant a Rule 12(b)(1) motion to dismiss if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

The United States cannot be sued in a tort action unless it is clear that Congress has waived the government's sovereign immunity and authorized suit under the Federal Tort Claims Act ("FTCA"). Dalehite v. United States, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. § 1346(b), § 1402(b), § 2401(b), and §§ 2671-2680. Pursuant to the FTCA, the United States is liable in the same manner and to the same extent as a private individual under like circumstances in accordance with the law of the place where the act or omission occurred. 28 U.S.C. §§ 2674 & 1346(b)(1); Medina v. United States, 259 F.23d 220, 223 (4th Cir. 2001).

The FTCA includes specific enumerated exceptions in 28 U.S.C. §2680. If an exception applies, the United States may not be sued, and litigation based upon an exempt claim is at an end. Smith v. United States, 507 U.S. 197 (1993); Dalehite, *supra*.

Section 2680(c) of the FTCA expressly preserves sovereign immunity for "[a]ny claim arising in respect of...the detention of any goods, merchandise, or other property by any officer or customs or excise *or any other law enforcement officer*." 28 U.S.C. § 2680(a) (2006) (emphasis added). In 2006, the United States Court of Appeals for the Fourth Circuit joined a minority of courts in holding that the phrase "any other law enforcement officer" does not confer

sovereign immunity upon Bureau correctional officers moving inmates' property because such officers are not acting in a tax or customs capacity. Andres v. United States, 441 F.3d 220, 227 (4th Cir. 2006).

However, since then, the United States Supreme Court has determined that this exception does preserve sovereign immunity for torts committed by all federal law enforcement officers specifically including officers employed by the Federal Bureau of Prisons. Ali v. Fed. Bureau of Prisons, 552 U.S. 214 (2008).[1] Therefore, claims that prison officials were negligent in handling the personal property of inmates are subject to dismissal because courts lack subject jurisdiction over the claims due to sovereign immunity. See Barrett v. U.S., No. 5:14cv10, 2014 WL 4084187 (N.D. W. Va. Aug. 19, 2014), aff'd Barrett v. U.S., 585 Fed. Appx. 49 (4th Cir. 2014) (an inmate's claims the property was stolen because correctional officers failed to secure the property after escorting him to office were dismissed with prejudice). Accordingly, this Court does not have jurisdiction to entertain this action, and the Plaintiff's complaint should be dismissed.

## V. Recommendation

In consideration of the foregoing, it is the undersigned's recommendation that the defendant's Motion to Dismiss [ECF No. 3] be **GRANTED** and the Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

---

[1] In Ali, the petitioner, a federal prisoner, was transferred from the USP in Atlanta, Georgia to the USP Big Sandy in Inez, Kentucky. Before being transferred, he left two duffle bags containing his personal property in the Atlanta prison's Receiving and Discharge Unit to be inventoried, packaged, and shipped to USP Big Sandy. When his bags arrived, several items were missing, and he pursued a claim under the FTCA.

Within **fourteen (14) days** after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985) Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied,* 467 U.S. 1208 (1984).

The Clerk of Court is directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

Dated: May 16, 2016.

*s/ John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE