# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**BRUCE ANTHONY DILLARD,**

    Plaintiff,

v.                                                                                    **CIVIL ACTION NO.: 3:16-CV-9**
                                                                                           **(GROH)**

**UNITED STATES OF AMERICA,**

    Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of a Report and Recommendation ("R&R") [ECF No. 12] issued by United States Magistrate Judge Michael John Aloi on May 16, 2016. Magistrate Judge Aloi recommends that this Court grant the Defendant's Motion to Dismiss [ECF No. 3] and that the *pro se* Plaintiff's Complaint be dismissed with prejudice.

Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Aloi for his preparation and submission of an R&R. Now, under 28 U.S.C. § 636(b)(1)(C), this Court is required to conduct a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Moreover, "[w]hen a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is

unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). Failure to file timely objections constitutes a waiver of de novo review and of a party's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). In this case, the Plaintiff timely filed his objections to the R&R, which were received by this Court on June 6, 2016.

In his Complaint, which was originally filed in the Magistrate Court of Gilmer County, West Virginia, the Plaintiff, proceeding *pro se*, alleges that certain government employees are legally responsible for the loss of $171.40 worth of the Plaintiff's personal property. The Plaintiff requests compensatory damages in that amount, together with payment for the costs of his civil action. According to the Plaintiff, correctional officers working at Federal Correctional Institution, Gilmer ("FCI Gilmer") ordered him to relocate from one cell in FCI Gilmer to a different cell. As part of this relocation, the officers directed the Plaintiff to move all of his personal property from his old cell to his new cell. When the Plaintiff arrived at the entrance to his new cell, he was told that he could not enter the cell until the officers were able to search the cell for contraband that might have been left in the cell by its previous inhabitant. While the Plaintiff was waiting for permission to enter, he left bags full of his property by the door outside of his new cell. Shortly thereafter, the Plaintiff noticed that "his large net bag full of commissary and other miscellaneous property had disappeared." The Plaintiff suspects that his property was stolen by another inmate. The Plaintiff alleges that he immediately requested that Federal Bureau of Prisons ("BOP") staff members review security footage to determine who stole the Plaintiff's property. According to the Plaintiff, no security footage was ever reviewed and the Plaintiff's property was never located,

resulting in a loss of $171.40 worth of property.

On September 10, 2015, the Plaintiff filed an administrative claim under 31 U.S.C. § 3723. After review, the BOP denied the Plaintiff's administrative claim on November 10, 2015. In December of 2015, the BOP received and denied a request for reconsideration of the Plaintiff's administrative claim. During the administrative process, the Plaintiff was informed on multiple occasions that there is no judicial review mechanism for claims decided under § 3723.

After the Plaintiff filed the instant Complaint seeking compensation under 31 U.S.C. § 1304, the Defendant removed the case to this Court. On January 19, 2016, the Defendant filed its Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). The Defendant argues that this Court lacks subject matter jurisdiction, because an exception to the Federal Tort Claims Act ("FTCA") generally preserves the sovereign immunity of BOP employees who are sued for allegedly mishandling a prisoner's personal property and because the BOP's administrative decisions regarding personal property claims are not subject to judicial review under § 3723. The Plaintiff responded in opposition to the Motion to Dismiss in early February. On May 16, 2016, Magistrate Judge Aloi issued his R&R, recommending that the Defendant's Motion to Dismiss be granted and that the Plaintiff's Complaint be dismissed with prejudice. This Court received the Plaintiff's objections to the R&R [ECF No. 17] on June 6, 2016. In his objections, the Plaintiff reiterates his request for compensation.

Upon conducting an independent review of the R&R, the Plaintiff's objections and the entire record in this case, this Court reaches the same conclusion as the magistrate judge and finds that this case must be dismissed. Although the FTCA provides for a limited

waiver of the sovereign immunity of the United States and its officials, see 28 U.S.C. §§ 1346, 2674-2680, the claim asserted by the Plaintiff in this case falls under an exception to that waiver, see 28 U.S.C. § 2680(c) (providing that the provisions of the FTCA do not apply to "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer . . . ."); see also Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 217-28 (2008) (holding that BOP officers are "law enforcement officers" as that term is used in § 2680(c) and, therefore, § 2680(c) "forecloses lawsuits against the United States for the unlawful detention of property" by BOP officials).  In Ali, the Supreme Court did not address the specific types of BOP action that may or may not constitute a "detention" of property under § 2680(c).  But in the years since Ali was decided, several district courts in the Fourth Circuit have applied Ali and § 2680(c) to facts similar to those presented in the instant case.  See Barrett v. United States, No. 5:14CV10, 2014 WL 4084187, at *1-2 (N.D. W. Va. Aug. 19, 2014) (dismissing a complaint wherein a plaintiff alleged that a correctional officer was liable for failing to secure the plaintiff's property in his cell after escorting the plaintiff and his cell mate to the correctional officer's office), aff'd per curiam, 585 F. App'x 49 (4th Cir. 2014); Perkins v. Deboo, No. CIV.A. 1:08CV225, 2009 WL 1650443, at *1 (N.D. W. Va. June 11, 2009) (dismissing a plaintiff's claim regarding property that was allegedly lost or stolen during the plaintiff's transfer from one correctional institution to another); Mathis v. United States, No. C/A 8:05-3000-MBS, 2008 WL 2922798, at *1 (D.S.C. July 24, 2008) (granting a motion to dismiss a claim involving property that was allegedly lost during a transfer). Accordingly, upon consideration of the circumstances presented in this case, the Plaintiff's claim that prison officials negligently mishandled or failed to safeguard his personal

property must be dismissed. This Court lacks jurisdiction to hear the Plaintiff's claim.

For the foregoing reasons, it is the opinion of this Court that Magistrate Judge Aloi's Report and Recommendation [ECF No. 12], should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Accordingly, the Court **GRANTS** the Defendant's Motion to Dismiss [ECF No. 3]. The Plaintiff's Objections [ECF No. 17] are **OVERRULED**. The Court **ORDERS** that the Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. This matter is **ORDERED STRICKEN** from the active docket of this Court. The Clerk is **DIRECTED** to enter a separate judgment order in favor of the Defendant.

The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record and *pro se* parties herein.

**DATED**: June 22, 2016

/s/ Gina M. Groh
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE